IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Curtis Mitchell Davenport, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Nancy A. Berryhill, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 8:17-2288-TMC<br><br><br>**ORDER** |

Plaintiff, Curtis Mitchell Davenport ("Davenport"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court reverse the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405 (g) and remand the case for further administrative action. (ECF No. 21).[1] The Commissioner filed objections to the Report (ECF No. 23), and Davenport has responded to those objections (ECF No. 24). Accordingly, this matter is now ripe for review.

**I. Background**

On July 7, 2014, Davenport applied for SSI, alleging a disability onset date of May 2, 1985,

---

[1]A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

due to degenerative disc disease, a left lower leg injury, an affective disorder, an anxiety disorder, and a substance abuse disorder. (ECF No. 10-5 at 16-22). On June 10, 2016, an Administrative Law Judge ("ALJ") held a hearing and heard testimony from Davenport and a vocational expert ("VE"). (ECF No. 10-2 at 34-59).

On September 15, 2016, the ALJ denied Davenport's claim for benefits. *Id.* at 16-33. In his decision, the ALJ found that Davenport suffered from the following severe impairments: degenerative disc disease, a left lower leg injury, an affective disorder, an anxiety disorder, and a substance abuse disorder. *Id.* at 18. The ALJ concluded that, despite limitations, Davenport could perform jobs that exist in significant numbers in the national economy. *Id.* at 27. Davenport sought review of his case by the Appeals Council. However, the Appeals Council denied Davenport's request for review, making the ALJ's decision the final decision of the Commissioner. *Id.* at 2. This action followed.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency

2

are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In his brief, Davenport raised three issues for review: (1) the ALJ did not sufficiently account for Davenport's moderate difficulties in maintaining concentration, persistence, or pace in the residual functioning capacity ("RFC"); (2) the ALJ failed to explain his rejection of Dr. John Whitley's opinion that Davenport may work best in solitary work tasks; and (3) the ALJ failed to properly consider the credibility of Davenport's testimony regarding his limitations in concentration, persistence, and pace. (ECF No. 15 at 7, 8-10, 10-11). In her Report, the magistrate judge found that the ALJ's decision was not supported by substantial evidence because the ALJ failed to include in the RFC Davenport's moderate limitations in concentration, persistence, and pace, which is required by the holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The magistrate judge recommended that this action be reversed and remanded for the ALJ to make a proper RFC determination. Because she recommended remand on this issue, the magistrate judge did not address the other two issues. (Report at 22).

In her objections, the Commissioner contends that the magistrate judge erred in recommending reversing the ALJ's decision. The Commissioner argues that the magistrate judge failed to consider the holding in *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017), or its progeny. (Objections at 5-6). She contends that the ALJ properly relied on the opinions of Drs. John C. Whitley, III, and Cal VanderPlate, Ph.D., and that the RFC complies with the holding in *Sizemore*.

She also contends that a remand is not warranted by the other two issues raised. (Objections at 11 n.4). In response to the Commissioner's objections, Davenport contends that the magistrate judge did not err and the court should adopt the Report. (ECF No. 24).

**A. Difficulties in maintaining concentration, persistence, or pace**

In *Mascio v. Colvin*, 780 F.3d 632, the Fourth Circuit Court of Appeals found that the ALJ erred in assessing the claimant's RFC. The court stated that it "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' " *Id.* at 638. The court explained that it was possible for the ALJ to find that the moderate concentration, persistence, or pace limitation did not affect the claimant's ability to work, but that remand was required "because the ALJ here gave no explanation." *Id.* District courts have interpreted the Fourth Circuit's holding in *Mascio* to require an ALJ to explain how the claimant's limitation in concentration, persistence, or pace was accounted for in the RFC. *See Sipple v. Colvin*, No. 8:15-1961-MBS-JDA, 2016 WL 4414841, at *9 (D.S.C. Jul. 29, 2016). Subsequently, in *Sizemore v. Berryhill*, 878 F.3d 81, the Fourth Circuit held that an ALJ adequately accommodates a claimant's moderate difficulties in concentration, persistence, or pace by crediting medical opinions and considering the limitations as part of the RFC assessment.

> In his report, Dr. Whitley wrote that Plaintiff
>
> presents with persistent depressive disorder that would have a moderate impact on his ability to sustain effort, focus, pace, and persistence at this time during a typical workday. He has a history of simple unskilled types of work tasks that appeared to be his level functioning.

(ECF No. 10-9 at 5). Additionally, Dr. VanderPlate specifically determined in regard to "sustained concentration and persistence" that:

> [t]he claimant is able to maintain concentration, persistence and pace for periods of two hours, perform activities within a schedule, maintain regular attendance, be

4

punctual, and complete a normal workday and workweek. The claimant is able to make simple work-related decisions. Social Interactions: The claimant will be limited to infrequent contact with the public. The claimant is able to relate adequately to coworkers and supervisors. Clmt can ask simple questions, request assistance, accept instructions, and respond appropriately to criticism from supervisors.

(ECF No. 10-3 at 40). On this same form, Dr. VanderPlate answered questions by checking boxes indicating whether Davenport had certain limitations. Dr. VanderPlate checked that Davenport was moderately limited in his ability to "carry out detailed instructions," "ability to maintain attention and concentration for extended periods, "work in coordination or in proximity to others without being distracted by them," and "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Id.* at 39. The court notes that the form specifically states that these questions "help determine the individual's ability to perform sustained work activities," but "the actual mental residual functional capacity assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion." *Id.* at 38.

The ALJ determined that Davenport had moderate difficulties with regard to concentration, persistence, or pace. (ECF No. 10-2 at 20). The ALJ gave the opinions of Drs. Whitley and VanderPlate great weight (ECF No. 10-2 at 23, 25), and determined that Davenport had the RFC

> to perform light work (described as requiring lifting and carrying 20 pounds occasionally and 10 pounds frequently as well as an ability to stand, sit, and walk each for 6 hours in an 8-hour workday) with occasional postural activities. The claimant is also limited to work involving simple routine tasks for two-hour periods followed by customary breaks, with no fast-paced production requirements, no public interaction, and occasional interaction with co-workers.

*Id.* at 21.

In *Mascio*, the Fourth Circuit held that a remand was warranted in part because the ALJ's hypothetical question to the VE was legally insufficient as it failed to include, without any explanation, the ALJ's finding of moderate limitation on the claimant's ability to maintain

5

concentration, persistence, or pace at Step Three. *Mascio*, 780 F.3d at 638. The Fourth Circuit stated that it "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). However, the court continued, stating:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

*Mascio*, 780 F.3d at 638 (citation omitted). In *Mascio*, the ALJ determined the functions he believed the plaintiff could still perform despite having moderate limitations, but did so in a conclusory manner, therefore frustrating "meaningful review" and requiring remand. *Id.* at 636-38. In other words, the court held that a remand is necessary when a court is "left to guess about how the ALJ arrived at his conclusions on . . . ability to perform relevant functions. . . ." *Id.* at 637. The Fourth Circuit has also held that an ALJ adequately accommodates a claimant's moderate difficulties in concentration, persistence, or pace by crediting medical opinions of record and considering the limitations the medical providers indicated as part of the RFC assessment. *Sizemore*, 878 F.3d at 81.

Here, the ALJ gave Dr. VanderPlate's opinion great weight, and Dr. VanderPlate opined that Davenport, although moderately limited in his ability to maintain concentration, persistence and pace, could maintain concentration, persistence and pace for periods of two hours. It was the same limitation that the ALJ included in his RFC. (ECF No. 10-2 at 25). Therefore, unlike in *Mascio*, the court is not "left to guess" about Davenport's ability to perform relevant work functions because the ALJ appropriately assessed and cited substantial evidence to support his conclusion.

6

Accordingly, the ALJ's decision is supported by substantial evidence, and a remand based on *Mascio* is unwarranted in this case.

**B. Dr. Whitley's opinion regarding solitary tasks**

Davenport contends that the ALJ erred by limiting him to "occasional interaction with co-workers" despite Dr. Whitley's opinion that Davenport should be limited to solitary tasks. (ECF No. 15 at 9). Davenport contends that the A:LJ erred by failing to explain why he gave Dr. Whitley's opinion great weight, but did not credit the part of Dr. Whitley's opinion limiting Davenport to solitary work. *Id.* at 10.

Dr. Whitley opined:

> [Davenport] reports a history of agitation and lack of patience that has impacted his interaction with others, although this was not noted throughout this interview. He apparently would most likely function best with solitary work task. He last worked in 1995. He resents with persistent depressive disorder that would have a moderate impact on his ability to sustain effort, focus, pace, and persistence at this time during a typical workday. He has a history of simple unskilled types of work tasks that appeared to be his level functioning. He understood conversational speech and was able to communicate with this examiner appropriately. His selfcare skills are intact.

(ECF No. 10-9 at 5). First, this opinion is not a limitation that Davenport cannot work with others. Rather, it is an opinion as to how Davenport would function best. And the ALJ's limitation of occasional interaction with a co-worker is not inconsistent with a finding that a claimant would most likely function best with solitary tasks. RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Moreover, an ALJ is not required to include in the RFC assessment every restriction from a medical opinion to which he gives great weight. *See Armentrout v. Astrue*, C/A No. 10-504, 2011 WL 4625931, at *7 (E.D. Va. June 2, 2011) ("While the ALJ assigned 'significant' probative weight to the opinion, the ALJ was not then required to adopt every limitation and incorporate them into the RFC analysis"); *Burge v. Colvin*, C/A No. 7:15-CV-00249-D, 2016

WL 6902118, at *7 (E.D.N.C. Oct. 24, 2016), adopted by 2016 WL 6905936 (E.D.N.C. Nov. 23, 2016) ("[I]n according significant weight to a medical opinion, an ALJ is not bound to accept or adopt all the limitations set forth therein . . ."). Accordingly, the court finds that the ALJ did not err in his treatment of Dr. Whitley's opinion regarding solitary tasks.

### C. Davenport's testimony

Davenport contends that the ALJ erred in failing to credit his testimony regarding limitations with concentration, persistence, and pace. (ECF No. 15 at 10-11). Specifically, Davenport contends that the ALJ erred when he concluded that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision." (ECF No. 10-2 at 23).

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984) (finding that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight). Further, a reviewing court will defer to the ALJ's credibility finding except in those "exceptional" cases where the determination is unclear, unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all. *See Bishop v. Comm'r of Soc. Sec.*, 583 Fed. App'x 65, 68 (4th Cir. 2014) (citing *Edeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997)).

Effective March 28, 2016, the Social Security Administration superseded its prior policy on assessing the credibility of a claimant's statements, and stated that "credibility" is not appropriate terminology to be used in determining benefits. *See* SSR 16-3p at *1, 2016 WL 1119029 (S.S.A.

8

Mar. 16, 2016); *see also* 2016 WL 1237954 (S.S.A. Mar. 24, 2016) (stating the effective date of SSR 16-3p is March 28, 2016). Under SSR 16-3p, the ALJ is no longer tasked with making an overarching credibility determination and instead must assess whether the claimant's subjective symptom statements are consistent with the record as a whole. However, "'the methodology required by both SSR 16-3p and [the prior ruling], are quite similar. Under either, the ALJ is required to consider [the claimant's] report of his own symptoms against the backdrop of the entire case record.'" *Best v. Berryhill*, C/A No. 0:15-cv-02990-DCN, 2017 WL 835350, at *4 n.3 (D.S.C. Mar. 3, 2017) (quoting *Sullivan v. Colvin*, C/A No. 7:15-cv-504, 2017 WL 473925, at *3 (W.D. Va. Feb. 3, 2017)). Because the ALJ's decision in this case was issued on September 15, 2016, SSR 16-3p applies.

Here, it appears that the ALJ properly applied SSR 16-3p as he did not find Davenport to be "not credible," but rather determined that Davenport's statements regarding his symptoms were "not entirely consistent with the medical evidence and other evidence in the record. . . ." (ECF No. 10-2 at 23). The ALJ specifically cited to the opinions of Drs. Cogdon and Whitley, and treatment notes from 2014 to 2016, which demonstrated adequate concentration. *Id.* at 23-24. Upon reviewing the ALJ's decision, the court finds that this determination is supported by substantial evidence.

## IV. Conclusion

The court finds that the ALJ's decision is supported by substantial evidence, and, thus, declines to adopt the Report (ECF No. 21). Based on the foregoing, the Commissioner's decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 25, 2018
Anderson, South Carolina

9